IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CT-3159-FL

| | |
|---|---|
| REGINALD FULLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DANIEL M. HORNE, JR., MICHAEL ) | |
| R. MORGAN, J. BRYAN BOYD, and ) | |
| M.C. HACKNEY, ) | |
| ) | |
| Defendants.[1] ) | |

This matter is before the court on defendants' motion to dismiss (DE 21) pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (5), and (6), and motion to stay discovery pending resolution of the motion to dismiss (DE 30). The matter is also before the court on the following motions filed by plaintiff: 1) to appoint counsel (DE 25); 2) for summary judgment (DE 27); 3) for extension of time to file additional materials (DE 35); 4) for continuance (DE 36); 5) to accept filings as timely filed (DE 38); 6) to appoint counsel (DE 39); 7) for new trial (DE 40); and 8) to proceed (DE 41). The issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion to dismiss and plaintiff's motions for extension of time to file additional materials and to accept filings as timely filed, and denies all remaining motions as moot.

---

[1] Plaintiff named "Morgan, J." as a defendant in his complaint. Defendants represent that "Morgan, J." is Michael R. Morgan, an Associate Justice of the North Carolina Supreme Court. The court has constructively amended the caption to reflect defendant Morgan's full name. The clerk of court is DIRECTED to amend the caption on the docket accordingly.

**STATEMENT OF THE CASE**

On June 21, 2017, plaintiff, a state inmate, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983, alleging defendants denied him access to the courts in violation of the First Amendment to the United States Constitution. The court conducted a frivolity review of plaintiff's complaint on July 25, 2017, and allowed the matter to proceed. On July 26, 2017, the court issued summonses for defendants and forwarded them to the United States Marshal's Service for service. The United States Marshal's Service mailed the summonses and complaint by certified mail, return receipt requested, to each defendant at their places of employment. The summonses were returned executed on August 9, 2017, but the return receipts were not signed by the individual defendants.

On September 25, 2017, defendants filed the instant motion to dismiss pursuant to Rules 12(b)(1), (2), (5), and (6), arguing that plaintiff failed to effect service of process on defendants, that plaintiff's claims are barred by sovereign and judicial immunity principles, that the complaint fails to state a claim on which relief can be granted, and that the court lacks jurisdiction over the claims pursuant to the Rooker-Feldman doctrine. Plaintiff filed multiple responses to the motion to dismiss. Plaintiff's first response to the motion to dismiss, filed on October 16, 2017, included a 25-page memorandum and over 100 pages of exhibits. Plaintiff filed his second response to the motion to dismiss on February 26, 2018. The court also construes plaintiff's "motion to proceed," filed on February 8, 2018, as a response to defendants' motion to dismiss.[2]

Plaintiff filed his first set of interrogatories and requests for production of documents on October 16, 2017. Defendants responded by filing the instant motion to stay discovery pending resolution of their motion to dismiss.

---

[2]The court has reviewed and considered all of plaintiff's voluminous filings in deciding defendants' motion to dismiss.

As noted, plaintiff has also filed the following pending motions: 1) first motion to appoint counsel (filed on October 16, 2017); 2) for summary judgment (filed on October 16, 2017); 3) for extension of time to file additional materials (filed on November 29, 2017); 4) for continuance (filed on January 2, 2018); 5) to accept filings as timely filed (filed on February 8, 2018); 6) second motion to appoint counsel (filed on February 8, 2018); 7) for a new trial (filed on February 8, 2018); and 8) to proceed (filed on February 8, 2018).

## STATEMENT OF FACTS

On November 1, 2013, plaintiff was found guilty after a jury trial of assault with a deadly weapon with intent to kill inflicting serious injury and possession of a firearm by a convicted felon. See State v. Fullard, No. COA15-93, 2015 WL 4620523, at *1 (N.C. Ct. App. Aug. 4, 2015).[3] Plaintiff, represented by appointed counsel, appealed his conviction. Id. The North Carolina Court of Appeals concluded there was no error in plaintiff's trial and affirmed his convictions. See id. at *5. Plaintiff, still represented by counsel, petitioned the North Carolina Supreme Court for discretionary review, but the petition was summarily denied. State v. Fullard, 783 S.E.2d 201 (N.C. 2016).

Thereafter, plaintiff, acting pro se, filed a number of petitions for further review of his convictions in the North Carolina Court of Appeals and the North Carolina Supreme Court. Plaintiff filed one such petition on April 17, 2017, in the North Carolina Supreme Court. (Compl. Ex. 1 (DE 1-1) at 2). On June 12, 2017, Defendant Morgan, writing for the North Carolina Supreme Court, entered an order summarily dismissing the April 17, 2017, petition. (Id.) The supreme court did not

---

[3]For purposes of ruling on a motion to dismiss, the court may take judicial notice of matters of public record (such as public judicial records) without converting the motion into one for summary judgment. Sec'y of State For Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007).

issue a written opinion or otherwise explain its reasons for denying the petition. (Id.) The letter from the supreme court transmitting the order was signed by defendant Hackney, an assistant clerk of court for the North Carolina Supreme Court, and also identified defendant Boyd as the clerk of court. (Id.)

On May 17, 2017, plaintiff, acting pro se, filed a petition for writ of habeas corpus in the North Carolina Court of Appeals. (Id. at 1). The court of appeals entered an order summarily denying the petition on May 19, 2017, and did not explain its reasons for the denial. (Id.) The letter transmitting the court of appeals' order was signed by defendant Horne, the clerk of court for the North Carolina Court of Appeals. (Id.)

Plaintiff's complaint alleges that these rulings denied him due process and "access to the appeals process" because the courts did not issue written opinions explaining their decisions to deny his petitions. (See Compl. (DE 1) at 5). Plaintiff further alleges that defendants "prevented the address of tainted evidence and falsified evidence from misconduct and abuse of office powers related to false affidavits etc. to which review is owed." (Id.) According to plaintiff, because the courts did not explain their reasons for denying his petitions, he is "not able to address a judicial opinion based upon the merits and facts of the case(s) to include the procedure and disclosure denied." (See id. at 7). Plaintiff's complaint also contains additional conclusory and rambling allegations, such as the following:

> clerk of court obstructions [sic] to judicial review for opinion of nonfrivolous arguments of falsified police filings, ineffective or denied court appearance presence – no counsel, ineffective appeal counsel. Deliberate indifference by deliberately denying my rights by the actions and acts rendered resulting in my received injury or and [sic] worsen them.

4

(Id. at 6).  As relief, plaintiff requests: 1) "to be heard on all the cases shown along with all the issues of each case"; 2) "total dismissal and espongement [sic] of the records of all the case [sic]"; 3) "monetary damages of $350,000.00 for each case listed and impeded violations of rights associated with each case"; 4) "punitive damage[s] award of one million . . . dollars or more as decided by jury"; and 5) "punitive award of the individual capacity as the court and jury deems and directs an award upon evidence showing of indifference . . . ."  (Id. at 8).

## DISCUSSION

A.      Motion to Dismiss

  1.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).  In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

5

2. Analysis

Defendants argue they are entitled to judicial immunity on all of plaintiff's claims.[4] Judges "are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). Judges are subject to civil liability for judicial acts only where they act in "clear absence of all jurisdiction." Id. at 357. Court clerks are entitled to derivative absolute judicial immunity for acts undertaken pursuant to a court's direction or to carry out a judicial order. McCray v. Maryland, 456 F.2d 1, 5 (4th Cir. 1972); see also Pink v. Lester, 52 F.3d 73, 77-78 (4th Cir. 1995) (holding claims against clerk for negligent acts that impede access to the courts are not cognizable under § 1983).

Here, plaintiff alleges defendants obstructed his access to the courts by entering orders summarily dismissing his petition for discretionary appellate review of his criminal conviction and his petition for writ of habeas corpus. Drafting and entering judicial orders resolving petitions for relief are core judicial functions to which judicial immunity attaches. See Stump, 435 U.S. at 355-57. Plaintiff also does not allege defendant Morgan acted in the "clear absence of all jurisdiction" when he denied plaintiff's petition for discretionary review. See id. at 357-58. As to the court clerk defendants, when a clerk transmits an order resolving a claim to a litigant, he is acting pursuant to

---

[4] Defendants also argue the court lacks personal jurisdiction over defendants because service was deficient. Specifically, defendants allege that service did not comply with Rule 4(j) of the North Carolina Rules of Civil Procedure, which permits service of process by mailing a copy of the summons and complaint via certified mail, return receipt requested, addressed to the party to be served, and "delivering [the certified mail containing the summons and complaint] to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(e); see also Fed. R. Civ. P. 4(e)(1) (permitting service of process by any means authorized by state law). Defendants argue, without citation, that because the return receipts were not personally signed by defendants, the summons and complaint were not "delivered to the addressee" as required by Rule 4(j)(1)(e). The court does not address this argument because, as set forth below, plaintiff's complaint fails to state a claim on which relief can be granted. The court may dismiss a prisoner complaint "at any time" (including before service is effected) if it finds the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).

the court's direction or to carry out the court's order, and thus he is entitled to derivative judicial immunity. See McCray, 456 F.2d at 5. Accordingly, defendants are entitled to absolute judicial immunity on plaintiff's claims, and defendants' motion to dismiss is GRANTED.

Plaintiff also attempts to bring suit against defendants in their official capacities. An action by a private party to recover money damages from state officials in their official capacity is effectively a suit against the state and, absent a valid waiver, such actions are barred by the Eleventh Amendment. Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1138 (4th Cir. 1990). Defendants have not waived sovereign immunity for plaintiff's § 1983 claims. Accordingly, defendants' motion to dismiss plaintiff's official capacity claim is also GRANTED.

Plaintiff's complaint also requests that the court order expungement of all his criminal records. The court has no authority to order such relief in a civil rights action. Plaintiff must challenge his conviction and sentence by filing a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); see also Edwards v. Balisok, 520 U.S. 641, 648 (1997) (holding "claim[s] for declaratory relief and money damages . . . that necessarily imply the invalidity of the punishment imposed . . . [are] not cognizable under § 1983").[5]

3. Leave to Amend

The court declines to grant leave to amend the complaint. Plaintiff's claims are barred by the doctrine of absolute judicial immunity, which shields judges and their staff from civil liability

---

[5]The court also declines to convert this civil right action into a petition for writ of habeas corpus. See Castro v. United States, 540 U.S. 375, 382-83 (2003).

7

for actions taken within the scope of their judicial functions. Stump, 435 U.S. at 355-57. Plaintiff can plead no set of facts related to the North Carolina courts' summary denials of his petitions that could potentially state an actionable civil rights claim. Accordingly, plaintiff's claims are DISMISSED with prejudice.

D.     Remaining Motions

As noted, plaintiff has filed numerous additional motions in this case. These motions include: 1) two motions to appoint counsel; 2) for summary judgment; 3) for extension of time to file additional materials; 4) for continuance; 5) to accept filings as timely filed; 6) for a new trial; and 7) to proceed. The court GRANTS plaintiff's motion for extension of time to file additional materials[6] and to accept filings as timely filed. The remaining motions are DENIED as moot because plaintiff's claims have been dismissed due to absolute immunity and Eleventh Amendment immunity. Defendants' motion to stay discovery pending ruling on the motion to dismiss is also DENIED as moot.

C.     New Claims

Plaintiff, in his miscellaneous (and voluminous) filings, potentially attempts to allege new claims and add new defendants to this lawsuit. These new claims and parties are not properly before the court because plaintiff has not requested leave of court to amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). Thus, plaintiff's new claims and/or parties are DISMISSED without prejudice. See United States v. Jones, No. 87-7313, 1988 WL 21257, at *1 (4th Cir. Mar. 9, 1988) ("Even under liberal rules of interpretation, a court should not be required to amend a

---

[6]Plaintiff has now filed the subject additional materials identified in this motion, and the court has reviewed and considered them in deciding the instant motion to dismiss.

8

complaint sua sponte every time a pleading is filed which arguably raises a new claim."); see also Crump v. N.C. Dep't of Corr., No. 3:05CV325, 2009 WL 2738459, at *5 (W.D.N.C. Aug. 26, 2009).

## CONCLUSION

For the foregoing reasons, the court rules as follows:

1)  Defendants' motion to dismiss (DE 21) is GRANTED, and plaintiff's claims are dismissed with prejudice;

2)  Plaintiff's motion for extension of time to file additional materials (DE 35) and motion to accept filings as timely filed (DE 38) are GRANTED;

3)  Plaintiff's motions to appoint counsel (DE 25, 39), for summary judgment (DE 27), for continuance (DE 36), for new trial (DE 40), and to proceed (DE 41), and defendants' motion to stay discovery pending ruling on the motion to dismiss (DE 30) are DENIED as moot;

4)  The clerk of court is DIRECTED to amend the docket to reflect that defendant J. Morgan's full name is Michael R. Morgan; and

5)  The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 5th day of July, 2018.

_____  
LOUISE W. FLANAGAN  
United States District Judge